FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 16 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM MUNOZ,

        Petitioner,

v.                                                               No. CIV-04-1321 JB/LFG

FIFTH JUDICIAL DISTRICT COURT
JUDGE DON MADDOX,

and

WARDEN BRAVO, SEARGENT [sic] ROMERO OF
GUADALUPE COUNTY CORRECTIONAL FACITLITY [sic],

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915A, 42 U.S.C. § 1997e, and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Petitioner's Request For Mandatory Injunction And Restraining Order. The Court construes the Request as a complaint. *See Studebaker Corp. v. Gittlin*, 360 F.2d 692, 694 (2d Cir. 1966) (treating an affidavit as a complaint for injunction). The Petitioner is incarcerated and appears pro se. He has paid the required filing fee.

Under § 1915A, the Court "shall . . . dismiss" a prisoner's complaint *sua sponte* if the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, according to the provisions of 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." In reviewing the Petitioner's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that a state court administrator told the Petitioner "that Judge Maddox was signing" the Petitioner's final divorce decree. When the Petitioner subsequently remarried, he learned that the state court had not entered his divorce decree. As a result, Defendant Bravo, the Petitioner's warden, has charged him with bigamy. For relief, the Petitioner asks that this Court order the state court to enter a final decree in the Petitioner's divorce case. He also seeks a restraining order to prevent officials at Guadalupe County Correctional Facility from taking legal or disciplinary actions against him.

The relief that the Petitioner seeks in his first claim would necessarily interfere in the conduct of state court proceedings. The provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, prohibit federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977). By the express terms of § 2283, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although the Petitioner does not specifically request a stay, "any injunction against state court proceedings otherwise proper under general equitable

2

principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).

> Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.

*Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. at 630. *See Vernitron Corp. v. Benjamin*, 440 F.2d 105, 108 (2d Cir. 1971) (noting that § 2283 prohibits "enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court"). The Petitioner's request for an injunctive order does not invoke any of the statutory exceptions, and the Anti-Injunction Act thus precludes his request for mandatory injunctive relief. The Court will dismiss this claim. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("[D]ismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

The Petitioner also asks for a restraining order against prison officials. He makes no allegation that he has attempted to exhaust available administrative remedies on this claim, as the provisions of 42 U.S.C. § 1997e(a) require. Supreme Court decisions confirm that a prisoner must exhaust administrative remedies in all cases. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[A] prisoner must plead exhaustion in his complaint," *Steele*, 355 F.3d at 1209, and "[i]f a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice," *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). The Court will allow the

Petitioner to show cause why the Court should not dismiss his claim for restraining order for failure to exhaust available administrative remedies.

**IT IS THEREFORE ORDERED** that the Petitioner's claim against Defendants Fifth Judicial District Court and Judge Don Maddox is DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action;

**IT IS FURTHER ORDERED** that, within twenty (20) days from entry of this order, the Petitioner may file a response showing cause, if any, why the Court should not dismiss his claim against Defendants Bravo and Romero for failure to exhaust available administrative remedies.

_____
UNITED STATES DISTRICT JUDGE